PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES TORBERT, III | ) | |
| | ) | CASE NO. 4:17CV2510 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| PATRICIA METZLER, CRNP, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro Se* Plaintiff James Torbert, III filed this action under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction ("ODRC") Director Gary Mohr and five individuals at Trumbull Correctional Institution ("TCI") Patricia Metzler, CRNP; James Kline, D.O.; Mr. Roberts, Nurse; Mr. Robinson, Nurse; and, Mr. Hollinger, Nurse. In the Complaint (ECF No. 1), Plaintiff alleges Defendants did not properly treat his ankle injury. He asserts they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff seeks monetary and injunctive relief.

**I. Background**

Plaintiff injured his foot and ankle playing basketball on February 8, 2017. He was treated by the on-duty nurse whom wrapped his foot with an ace bandage, and gave him crutches and ibuprofen. Plaintiff received an x-ray of his foot on February 13, 2017. He explained to the medical staff that he believed he had torn his Achilles tendon, which would not appear on an x-ray. Plaintiff insisted he needed an MRI. He contends Nurse Practitioner Metzler examined his

(4:17CV2510)

foot and ankle on February 17, 2017 and stated he had a high ankle sprain, which would not require an MRI. Plaintiff asked to see the doctor and she denied his request. Nurse Practitioner Metzler provided him with a fiberglass cast and continued his use of crutches. He asked to be sent outside the prison for a surgical consult. Nurse Practitioner Metzler denied that request as well.

Plaintiff was seen by Nurse Roberts when he went to sick call on February 16, 2017. He asked Nurse Roberts for a referral to Dr. Kline and Nurse Roberts indicated it was not necessary. Plaintiff states the nurse refused to examine his foot and would not return his Inmate Health Care Request Slip. He states the nurse also refused to call an officer. Instead, a corrections officer called for assistance and Plaintiff was escorted to segregation.

Plaintiff was seen by Dr. Kline on February 17, 2017 and was told that no fractures were seen on the x-ray. Dr. Kline ordered an orthotic splint and instructed Plaintiff on Theraband exercises.

Plaintiff reported to sick call for a follow-up visit on March 6, 2017 and was seen by Nurse Robinson. He told the nurse he was in extreme pain and again requested to see a doctor and be scheduled for an MRI. Nurse Robinson denied the request and indicated to Plaintiff his problem was in his head.

On March 19, 2017, Plaintiff was seen at sick call by Nurse Hollinger. He noted Plaintiff had difficulty raising his right heel and now showed a deformity of the right Achilles tendon. He requested that Plaintiff be seen by a doctor. Plaintiff contends that he did not receive that follow-up consultation.

(4:17CV2510)

Plaintiff saw Dr. Kline again on June 26, 2017. Dr. Kline confirmed that Plaintiff's Achilles tendon was partially torn, but refused to order a surgical consult. Instead, he ordered a walking boot for Plaintiff.

Plaintiff claims all of the defendants acted with deliberate indifference to deny him proper medical care for his injury, which he alleges should have involved surgery. He seeks monetary damages and an order from the Court to provide him with surgery and physical therapy.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. Neitzke, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). *See also* Lawler, 898 F.2d at 1199.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

3

(4:17CV2510)

(2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**III. Law and Analysis**

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the

4

(4:17CV2510)

"unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Although Plaintiff's injury arguably qualifies as an objectively serious medical condition, he must still satisfy the subjective component. In the context of a medical claim, he must allege facts suggesting more than just mere negligence or medical malpractice. *Farmer*, 511 U.S. at 835. An official acts with deliberate indifference when he acts with "criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Id.* at 837. This standard is met if "the official knows of and disregards an

5

(4:17CV2510)

excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Plaintiff alleges no facts pertaining to ODRC Director Gary Mohr. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Plaintiff cannot hold Mohr liable as a supervisor for the actions of ODRC employees. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Plaintiff's claims against Metzler, Kline, Roberts and Robinson are based on their disagreement with the need for an MRI and surgery. Metzler initially believed Plaintiff had suffered a sprain after an x-ray of his foot. Defendants provided him with a splint, a cast, crutches, and exercises with Therabands. While Kline acknowledged a partial tear of the tendon, he disagreed with Plaintiff's requested treatment for this injury, not wishing to pursue surgery as the first option.

The Eighth Amendment sets the bar for the constitutional minimum that prison officials must provide to inmates. It does not entitle prisoners to unfettered access to the medical treatment of their choice. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-104 (1976)). Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). A

6

(4:17CV2510)

claim crosses the line from medical malpractice, which is a matter of state tort law, when the medical care provided is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002) (quoting *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)). The actions Plaintiff describes misdiagnosing his tendon injury as a sprain, ordering an x-ray instead of an MRI, and providing for immobilization and stretching exercises rather than surgery are at best, claims of medical malpractice. They do not shock the conscience nor are they so incompetent or inadequate that they constitute a deliberate indifference to Plaintiff's medical condition. Plaintiff has not stated a claim for relief under the Eighth Amendment.

## IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| June 13, 2018 | */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |